# Illinois Official Reports

## Appellate Court

*Lorenc v. Forest Preserve District*, 2016 IL App (3d) 150424

| | |
|---|---|
| Appellate Court Caption | KATHLEEN LORENC, as Special Administrator of the Estate of James F. Lorenc, Deceased, Plaintiff-Appellant, v. THE FOREST PRESERVE DISTRICT OF WILL COUNTY, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-15-0424 |
| Motion to publish Rule 23 order allowed<br>Opinion filed | July 22, 2016<br>July 22, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-L-937; the Hon. Roger D. Rickmon, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Susan E. Loggans and Michael B. Gunzburg, both of Susan E. Loggans & Associates, P.C., of Chicago, for appellant.<br><br>Edward F. Dutton, of Park District Risk Management Agency, of Lisle, for appellee. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Lytton and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1        The plaintiff, Kathleen Lorenc as special administrator of the estate of James F. Lorenc, appeals from the trial court's dismissal of her second amended complaint. On appeal, the plaintiff argues that the court erred when it ruled that (1) the second amended complaint failed to allege facts to support a claim for willful and wanton misconduct and (2) the plaintiff's claim is barred by the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 *et seq*. (West 2012)).

¶ 2                                                    FACTS

¶ 3        On January 27, 2015, the plaintiff filed the second amended complaint that is the subject of this appeal. In count I of the complaint, the plaintiff alleged a wrongful death action (740 ILCS 180/2 (West 2012)). In support of count I, the plaintiff made the following factual allegations. On October 5, 2013, the defendant, the Forest Preserve District of Will County, planned, organized, coordinated, and conducted a bicycle riding event in the Hickory Creek Forest Preserve. The event was called "Cruise the Creek." The decedent, James F. Lorenc, participated in this event. At all times, the defendant owed the decedent a duty to refrain from willful and wanton misconduct in conducting the Cruise the Creek bicycle ride event.

¶ 4        Renee Gauchat, volunteer supervisor for the defendant, oversaw the activities of the defendant's volunteers. Gauchat engaged volunteer trail sentinels to monitor the trail for the safety of the participants. Gauchat specifically instructed the trail sentinels to stay off the trail for the safety of the event participants. Gauchat knew that if a sentinel was on the trail, it might cause a rider to quickly apply his brakes and swerve to avoid a collision.

¶ 5        The defendant acted with conscious indifference and/or utter disregard for the safety of the Cruise the Creek participants when a trail sentinel "suddenly stepped out into the middle of the trail, blocking the trail and waving his arms, thereby causing the riders to quickly apply their brakes and swerve in order to avoid a collision with the trail sentinel." As a proximate result of this dangerous conduct and disregard for the safety of participants, the decedent was caused to quickly apply his brakes to avoid contact with the sentinel and other riders. The decedent swerved, fell off his bicycle, and incurred serious bodily injuries that resulted in his death.

¶ 6        Count II of the complaint alleged a violation of the Survival Act (755 ILCS 5/27-6 (West 2012)) and reasserted the factual allegations from count I. The plaintiff sought a judgment against the defendant in excess of $50,000.

¶ 7        The defendant filed a combined motion to dismiss the second amended complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2014)). In its motion, the defendant argued that the affidavit of James McFarland, community partnership manager for the defendant, established that the defendant undertook numerous actions to ensure the safety of the Cruise the Creek participants. These actions included encouraging participants to wear helmets, trail inspections, trimming vegetation near the trails, blowing debris from the trail surface, installing additional caution signs, and assigning trail sentinels to assist participants and provide additional warnings. In his affidavit, McFarland averred that despite the defendant's "strong recommendations," the decedent was not wearing a helmet when he fell from his bicycle. McFarland said the defendant had no knowledge or record of any other accident or injury occurring at or near the location of the decedent's accident. The

defendant also argued that it was absolutely immune from liability for the accident pursuant to section 2-109 and 2-201 of the Act (745 ILCS 10/2-109, 2-201 (West 2012)).

¶ 8    The defendant later filed a second motion to dismiss pursuant to section 2-615 of the Code. 735 ILCS 5/2-615 (West 2014). In this motion, the defendant argued that the allegations of the plaintiff's second amended complaint were insufficient to satisfy the statutory definition of willful and wanton conduct. 745 ILCS 10/1-210, 3-108 (West 2012).

¶ 9    The plaintiff filed a response to the defendant's motions to dismiss in which she argued that the second amended complaint presented issues of material fact for the jury to decide and the defendant was not immunized from liability for the willful and wanton conduct of its trail sentinel. The response was supported by a transcript of Gauchat's deposition and an affidavit from Felix Orasco.

¶ 10   In her deposition, Gauchat stated that the trail sentinel at issue was an episodic volunteer. Gauchat said that the sentinels were intended to be a courtesy to the bicyclists who were new to the trail and that they notified the bicyclists of upcoming changes in the path including a bridge. The trail sentinels wore safety vests with the words "Forest Preserve District Volunteer." The trail sentinel at issue was positioned before a bridge and notified the bicyclists that there was a bridge ahead so that the bicyclists could safely cross it. Gauchat said that this courtesy information "could be construed as safety" information. Gauchat also explained that the trail sentinels were to assist if something happened along the trail. Gauchat instructed the trail sentinels to stand off to the side of the trail to avoid impeding the bicyclists. Gauchat said that a trail sentinel standing in the trail "could" cause riders to swerve off the trail to avoid a collision. Gauchat also said that a trail sentinel standing in the trail "could" cause a rider to "quickly apply their brakes in order to stop and avoid a collision."

¶ 11   Orasco averred that he participated in the October 5, 2013, Cruise the Creek bicycle ride event. As Orasco approached a downhill portion of the path near a bridge, he saw a staff member step into the middle of the path and motion with his hands for the bicyclists to stop. The staff member's actions startled Orasco and caused him to apply his brakes. Orasco saw other bicyclists do the same thing. The bicyclist in front of Orasco applied his brakes, and his rear wheel "fishtailed" before the rider flew over the handlebars and landed on his head.

¶ 12   After a hearing, the court found (1) "[t]hat the facts alleged by the Plaintiff, even if taken as true, would not form a basis for a finding of willful and wanton misconduct against the Defendants" and (2) that the plaintiff's claim was barred by sections 2-109 and 2-201 of the Act. 745 ILCS 10/2-109, 2-201 (West 2012). The court expressly granted the defendant's section 2-619(a)(9) motion to dismiss. 735 ILCS 5/2-619(a)(9) (West 2014). The plaintiff appeals.

¶ 13                                    ANALYSIS

¶ 14   Initially, the plaintiff contends that although the court said that the dismissal was entered pursuant to section 2-619(a)(9) of the Code (*id.*), the language of its ruling suggested that the dismissal was based on section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)). A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint, and a section 2-619 motion to dismiss admits the legal sufficiency of the well-pleaded factual allegations but raises defects or defenses that defeat the claims. *Hanks v. Cotler*, 2011 IL App (1st) 101088, ¶ 17.

¶ 15    In this case, the defendant had filed two separate motions to dismiss the plaintiff's complaint. The first motion was filed under section 2-619 and alleged the defendant was immune from liability under the Act. Subsequently, the defendant filed a motion to dismiss under section 2-615, which argued the factual allegations in the second amended complaint were insufficient to allege willful and wanton conduct. The court's ruling addressed both grounds for the dismissal, and the issues the plaintiff raises on appeal concern both bases for the dismissal. Therefore, we review *de novo* the court's dismissal under both sections 2-619 and 2-615. *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 7.

¶ 16                            I. Section 2-615 Dismissal

¶ 17    The plaintiff argues that the court's dismissal was erroneous because her factual allegations sufficiently pled a claim of willful and wanton misconduct. The plaintiff's argument attacks the court's section 2-615 rationale for the dismissal.

¶ 18    A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint by alleging defects on the face of the complaint. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). In ruling on a section 2-615 motion, the court must determine whether the allegations in the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Id.*

¶ 19    Here, the parties dispute the sufficiency of the plaintiff's allegation of willful and wanton conduct. Under the common law, willful and wanton conduct is not a distinct tort but a form of aggravated negligence. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 235 (2010). To survive a motion to dismiss, a willful and wanton conduct claim must allege that the defendant owed a duty to the plaintiff, the defendant breached the duty, the breach was the proximate cause of the plaintiff's injury, and the defendant exhibited either a deliberate intent to cause harm or an utter indifference or conscious disregard for the welfare of the plaintiff. *Kirwan v. Lincolnshire-Riverwoods Fire Protection District*, 349 Ill. App. 3d 150, 155-56 (2004).

¶ 20    An allegation of willful and wanton conduct is also an exception to a defense of tort immunity that is raised under the Act. See 745 ILCS 10/3-108 (West 2012). The Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210 (West 2012). "Willful and wanton conduct is established where the public entity has been informed of a dangerous condition, knows that others have been injured because of that condition, or intentionally removes a safety feature or device from its recreational property." *Thurman*, 2011 IL App (4th) 101024, ¶ 10. The Act's statutory definition of willful and wanton applies in this case because we must evaluate a public entity's conduct. *Id.* ¶ 13.

¶ 21    Here, the plaintiff argues that her complaint set forth facts that the defendant's conduct was willful and wanton. Specifically, the trail sentinel, as an agent of the defendant, engaged in a course of action that constituted an utter indifference or conscious disregard for the safety of the event participants. The plaintiff argues that Gauchat's deposition supports her position because Gauchat instructed the trail sentinels not to stand on the path and acknowledged that this action could cause the bicyclists to attempt to avoid a collision and thereby injure themselves. However, we find that these facts do not establish an utter indifference or conscious disregard for the bicyclists' safety. Instead, the record establishes that the defendant took several steps to ensure the bicyclists' safety, namely, placing trail sentinels to notify the

bicyclists of upcoming changes in the path and utilizing trail sentinels to assist the bicyclists in other capacities. Further, the trail sentinel's act of stepping into the path, which, according to Gauchat's deposition, was a violation of the defendant's instructions, does not by itself rise to the level of willful and wanton conduct. See *Floyd v. Rockford Park District*, 355 Ill. App. 3d 695, 702 (2005) (noting that "a public entity's violation of its own internal rules does not constitute proof of negligence, much less willful and wanton conduct"). At best, the plaintiff's allegations amounted to inadvertence or incompetence, which do not constitute willful and wanton conduct. See *id*. Thus, the court did not err in granting the defendant's section 2-615 motion to dismiss.

¶ 22                                    II. Section 2-619 Dismissal

¶ 23     The plaintiff argues that the court erred in holding that her claims were defeated by section 2-109 and 2-201 of the Act. 745 ILCS 10/2-109, 2-201 (West 2012). The plaintiff's argument essentially attacks the sufficiency of the court's section 2-619 dismissal.

¶ 24     Section 2-619(a) allows for the dismissal of a complaint based on certain defects or defenses including claims barred by an affirmative matter. 735 ILCS 5/2-619(a) (West 2014).

¶ 25     Here, the defendant argued in its motion to dismiss the second amended complaint that the plaintiff's claim was barred by the Act. 745 ILCS 10/2-109, 2-201, 2-210 (West 2012). The Act protects local public entities and public employees from liability arising from the operation of government. 745 ILCS 10/1-101.1(a) (West 2012). It provides, in relevant part, that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 2012). "[A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201 (West 2012).

¶ 26     The plaintiff argues that section 2-201 of the Act does not bar her claim because the trail sentinel's act of stepping onto the trail and waving his arms did not involve the determination of policy or the exercise of discretion. However, the record establishes that the trail sentinel was able to exercise discretion in the performance of his duties. Specifically, Gauchat's deposition established that the trail sentinel was tasked with notifying the bicyclists of the upcoming bridge. Based on Gauchat's deposition, the defendant viewed this as a courtesy to the bicyclists and only instructed the trail sentinel to stand to the side of the path. This arrangement left the trail sentinels with discretion as to how they would notify the bicyclists of the upcoming bridge or otherwise provide assistance. Simply put, the pleadings did not establish that the trail sentinels' actions were specifically prescribed and involved no exercise of discretion. Instead, they served as a "courtesy" to the riders and received basic training to guide their actions. Further, the defendant's actions of placing the trail sentinels at various locations along the path also involved an exercise of discretion. Therefore, section 2-201 immunity applied to the defendant, and the court did not err in granting the defendant's section 2-619 motion to dismiss.

¶ 27                                         CONCLUSION

¶ 28     The judgment of the circuit court of Will County is affirmed.

¶ 29   Affirmed.